## Commonwealth v. Koplove

*Steven Koplove*, appellant, p.p.

*Lawrence Anthony Di Sipio*, for the Traffic Court of Philadelphia.

*Amicus Curiae, Dennis T. Kelly, Benjamin Lerner*, Defender Assoc. of Philadelphia.

DOTY, *A. J.*, March 18, 1975 — This matter is before us for consideration of defendant's appeal from the imposition of fines and costs by the Traffic Court of Philadelphia. After a careful consideration of the oral argument, briefs submitted,[1] the entire record and the applicable law, we are convinced that defendant's appeal must be dismissed.

Appellant, Steven Koplove, is an attorney and a former member of the Defender Association of Philadelphia. Defendant was not indigent, therefore, not entitled to be represented by the Public Defender Association. Furthermore, since the inception of this case defendant has resigned from the Public Defender Association staff and joined the staff of the District Attorney of Philadelphia. At the hearing before us, therefore, we requested that both the defender and the district attorney disqualify themselves, which they did. Defendant, being an attorney, represented himself and the Commonwealth was represented by Lawrence Anthony Di Sipio, counsel for the Traffic Court of Philadelphia. The district attorney took no part in the proceedings. However, we did permit the Defender Association to file a brief amicus curiae because they contended that the principles involved would affect other clients whom they represent.

On September 15, 1972, and again on October 11, 1972, defendant allegedly parked his vehicle in a no

---

1. Including a brief filed by the Defender Association of Philadelphia as amicus curiae.

parking zone on the 1500 block of Chestnut Street, Philadelphia.[2] As a result of parking tickets being issued and defendant failing to respond thereto, two summonses were mailed by the Philadelphia Traffic Court to appellant at 3800 Sheaff Lane, Philadelphia, Pa.[3] The two summonses were sent by first-class mail and contained notices of a hearing. Defendant failed to appear at said hearing.

However, he did ultimately appear before the Philadelphia Traffic Court, at which time he contested that court's jurisdiction. Nevertheless, the presiding judge imposed a fine of $6 plus $5 costs in regard to the first parking ticket, and $10 fine plus $5 costs in regard to the second parking ticket. Upon such an apparently mundane matter significant consequences flow, for defendant has challenged the jurisdiction of the Philadelphia Traffic Court and we are called upon to decide the issue he has raised.

Defendant does *not* contend (1) that the parking tickets were issued in error; (2) that they were not placed upon his vehicle; (3) that the summonses were not sent; (4) that he does not live at the address contained in the mailing. Rather, he only contends that the notices referred to hereinabove were not properly served upon him, since they were sent by first-class mail rather than registered or certified mail, return receipt requested. We are convinced that there is no merit to defendant's contention.

The Philadelphia Traffic Court is specifically provided for and established pursuant to article 5, §6(c) of the Constitution of Pennsylvania. Pursuant

2. The office of the Defender Association of Philadelphia is located at 1526 Chestnut Street, Philadelphia, Pa.

3. It is admitted that defendant did, in fact, reside at this address.

thereto, the legislature enacted a statute to implement the creation of that special and unique court: Act of October 17, 1969, P.L. 263, secs. 1, et seq., 17 PS §§712.1, et seq. This act provided that the Traffic Court of Philadelphia shall be a court not of record and shall have jurisdiction in all prosecutions for summary offenses, arising under The Vehicle Code of April 29, 1959, P.L. 58, 75 PS §§101, et seq., committed within the limits of the city and county of Philadelphia: 17 PS §712.1.

Moreover, on March 30, 1970, the Pennsylvania Supreme Court promulgated specific rules of procedure under which the Philadelphia Traffic Court was to operate. On that date the court entered an order which reads, in part, as follows:

"AND NOW, to wit, March 30, 1970, it is ordered and decreed that:

"The Rules of the Traffic Court of Philadelphia, attached hereto, having been recommended by the Traffic Court Committee of the Philadelphia Bar Association . . . are hereby adopted and promulgated by the Supreme Court, effective April 1, 1970."

One of the rules referred to in the Supreme Court's order was Traffic Court Rule 4.5(b), which provides:

"Subject to §§1201 and 1202 of the Vehicle Code, where the Uniform Traffic Summons is issued by the Court service shall be made in the case of all violations either personally by handing a copy to the alleged offender, or by certified or registered mail, *except that in the case of parking violations* service may, in the discretion of the Court, be made by *first class mail* addressed to the last known residence of the alleged offender. Where service has

been made by first class mail only, upon failure of the alleged violator to appear, the Court may, in its discretion, cause service to be made upon him personally or by certified mail or registered mail of a summons relating to one or more offenses. Summonses may be reinstated and reissued as the Court may order." (Emphasis supplied.)

Thus, it is clear that in regard to parking violations the Philadelphia Traffic Court could make proper service of summonses by first-class mail as such service was made in this case. Defendant contends, however, that this procedure was not valid, since section 1202[4] of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 PS §1202, has been suspended as of January 1, 1974, pursuant to Rule 51 of the Pennsylvania Rules of Criminal Procedure. In this regard, two points must be noted. The first is that the suspension of section 1202 of The Vehicle Code was made effective as of January 1, 1974, long after the dates when the two summonses in question were mailed to defendant. The second is that the suspension of section 1202 does not, per se, invalidate Rule 4.5(b) of the Philadelphia Traffic Court, since a reading of relevant sections of the Rules of Criminal Procedure renders it abundantly clear that such rules do not apply to the procedure in the Traffic Court of Philadelphia. For example, Rule 6001 of the Rules of Criminal Procedure sets forth the criminal jurisdiction of the Philadelphia Municipal Court and that rule excludes summary offenses under The Vehicle Code which are indict-

---

4. Section 1202 of The Vehicle Code was suspended only insofar as it was inconsistent with Rule 51 of the Pennsylvania Rules of Criminal Procedure.

able. Not only is this manifest from the rule itself, but also from the comment to the rule which states:

"This Rule is intended to assure that the Municipal Court will take dispositive action . . . in any criminal case . . . excluding summary cases under the motor vehicle laws. The latter are under the jurisdiction of the Philadelphia Traffic Court, Pa. Const. art. V schedule sec. 16(S)."

See also Pa. R. Crim. P. 6002 and comments thereto, particularly the following comment:

"Second, the instant Rule excludes summary traffic and *parking cases*; all summary offenses under the motor vehicle laws are under the jurisdiction of the Philadelphia Traffic Court." (Emphasis supplied.)

Thus, there can be no doubt that the Pennsylvania Rules of Criminal Procedure exclude the Philadelphia Traffic Court from the operation of such rules. Therefore, we hold that service in this case was proper and the Traffic Court of Philadelphia did have jurisdiction over the person of defendant.

Defendant has also raised the subsidiary question of the statute of limitations, contending that, while a hearing was scheduled within the 60-day statutory period (75 PS §1202), he did not appear at such scheduled hearing and therefore said hearing was a nullity. In fact, defendant did not personally appear before the Traffic Court until January 16, 1975, and on that occasion raised the issue of jurisdiction which is now before us. However, defendant's contention regarding the statute of limitations is bottomed upon his major contention that he did not receive proper legal notice of any summonses and therefore the hearings held in his

absence pursuant to said summonses were a nullity. We have determined that defendant did receive proper legal notice and thus his contention regarding the statute of limitations must fall. Surely one cannot evade or ignore a legal notice properly served and then later raise the issue that he was not present at a hearing pursuant to such notice.

Accordingly, and for the foregoing reasons, we enter the following

### ORDER

And now, March 18, 1975, the appeal of defendant from the orders of the Traffic Court of Philadelphia, dated January 16, 1975 is hereby dismissed and the said orders are affirmed.